Inhabitants of Phipsburg *vs.* Albion Dickinson and others.

Sagadahoc.   Opinion December 6, 1886.

*Collectors of taxes. Appropriation of deficiency. Auditor's report. Evidence. R. S., c. 82, § 71.*

The same person was collector of taxes in a town for three years in succession, when there appeared a deficiency in his accounts. There was no evidence showing the time when the deficit commenced, or when it occurred, or of any appropriation of payments by him to the town, either by the collector or the town. He gave a bond each year. *Held:* That the deficit should be divided between the three bonds in the proportion of the sums collected by the collector on each commitment

By R. S., c 82, § 71, an auditor's report is made admissible in evidence.

On exceptions.

The case is stated in the opinion.

*Washington Gilbert*, for the plaintiffs, cited : R. S., c. 82, § 71 ; *Porter* v. *Stanley*, 47 Maine, 515.

*C. W. Larrabee*, for the defendants.

In *Porter* v. *Stanley*, 47 Maine, 515, we infer that there was some sort or system of book-keeping, to indicate the transaction of the several years in which defendant was a collector, because they were able to identify the fund from which money was taken to make up a deficiency in the first of those years. They did not cast before the court a mass of "*dejecta membra*," as in this case, but TENNEY, C. J., says, with regard to taking moneys of that year to balance the amount of deficiency for a previous year, "This does not appear to have been done at the request of William Stanley or by his consent, any further than, if it was right that it should be done, he would consent thereto."

In *United States* v. *Eckford's Executors*, 1 Howard, 262, the court says, " The government must show the amount of defalcation of the collector during the term for which the defendants were sureties, to charge them."

" The sureties should not suffer from a mistake of the treasurer in passing credit to the wrong account," says APPLETON, C. J., in *Inhabitants of Orono* v. *Wedgewood*, 44 Maine, 51. "It will generally be admitted that moneys arising due and collected subsequently to the execution of the second bond, can not be applied to the discharge of the first bond without manifest injury to the surety in the second bond." 7 Cranch, 575 ; *U. S.* v. *January and Patterson*.

LIBBEY, J. This is debt on the bond of A. Dickinson as collector of the plaintiff town for 1880. The plea is the general issue with brief statement of performance of the conditions of the bond by Dickinson. The case went to an auditor who heard the parties and made his report to court. At the trial, the auditor's report was offered in evidence by the plaintiff. It was objected to by the defendants on several grounds, but it was admitted and exception taken. It was properly admitted in evidence. R. S., c. 82, § 71.

Whether, in adjusting the amounts between the parties, the

rules of law applied to the case by the auditor were correct or not, was for the court, but the exception fails to show whether the court, in that respect, sustained the auditor or not. But the case is argued by the counsel for the defendants on the assumption that the court sustained the auditor in the law. Assuming this is the fact, that the court gave the jury the same rule of law which the auditor acted upon, we think there was no error.

Dickinson was collector for 1880, 1881 and 1882, with different sureties on his bond each year. Actions were brought and pending in court on each bond; and they were all committed to the auditor and heard together. The pleadings were the same in each case. The only elements given us by which appropriation of payments can be made, or the deficiency apportioned among the bonds, are as follows : The taxes assessed each year were duly committed to the collector, and on the commitment for 1880 he collected $11,466.32; for 1881, $11,484.99; for 1882, $8,118.95. The deficiency not accounted for and paid over by the collector for the three years, was $789.76. There is no evidence showing when the deficit commenced or in which year it occurred. There is no evidence of any appropriation of payments by the collector or by the town. The rule adopted by the auditor divided the deficit between the three bonds in the proportion of the sums collected by the collector on each commitment. We think this rule is correct. It is claimed by the learned counsel for the defendants in this case, that, it appearing that the collector paid over during the three years more than he collected on the assessment for 1880, the law presumes, in the absence of proof, that he performed his legal duty and paid over all he collected for that year. But the legal presumption is just as strong as to each of the other years, and, as he could not legally appropriate as against his sureties what he received on one assessment in payment of what he received on another, the law will not apply the payments to the oldest debt. *Porter* v. *Stanley*, 47 Maine, 515 ; *Orono* v. *Wedgwood,* 44 Maine, 51.

In the absence of any evidence of appropriation of payments,

or of the source from which the moneys paid came, we know of no more equitable rule of appropriation and of dividing the deficiency than the rule adopted by the auditor. It is at least sufficiently favorable to the defendants under the plea of performance. It being proved how much the collector received on the assessment for 1880, the burden is on the defendants to prove that he accounted for it and paid it over, as it was his legal duty to do. *Small* v. *Machiasport*, 77 Maine, 109. This they fail to do.

There is a motion to set the verdict aside as against the evidence, but it nowhere appears in the case how much the verdict was, and if there was no error in the law, the motion is not insisted on.

*Exceptions and motion overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.